IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., ) <br> 8001 Forbes Place ) <br> Suite 202 ) <br> Springfield, VA  22151 ) <br> ) <br>           Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS & EXPLOSIVES, ) <br> 99 New York Avenue, N.E. ) <br> Washington, DC  20226 ) <br> ) <br>           Defendant. ) <br> _____) | Civil Action No. 20-cv-45 |

## COMPLAINT

Plaintiff Gun Owners of America, Inc. brings this action against Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Gun Owners of America is a California non-stock corporation with its principal place of business in Springfield, Virginia.  Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under

1

Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4. Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives is a law enforcement agency within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 99 New York Avenue, N.E., Washington, D.C. 20226. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 17, 2019, Plaintiff submitted an FOIA request, by e-mail, to the Disclosure Division within the ATF. *See* Exhibit A.

6. The request sought records relating to ATF employees who are (or who claim to be) both agents on ATF's law enforcement side and inspectors on ATF's regulatory side.

7. Specifically, Plaintiff's FOIA request sought:

(1) "records ... relating to or describing the existence of any ATF personnel or employees who are ATF law enforcement agents or ATF Special Agents, possessing arrest powers along with authority to carry a badge and a gun, and who are also trained or cross-trained as Industry Operations Investigators (IOIs), and/or possess credentials from ATF's regulatory side;"
(2) "records including descriptions of programs, official permissions, any existing lists of agents who also possess IOI credentials, any training materials, policies, procedures, or manuals," and
(3) "permissions, policies, procedures, or manuals pertaining to any ATF law enforcement agents or ATF Special Agents' use of IOI credentials, such as in an undercover capacity, even though they are not, in fact, IOIs."

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's FOIA requests within 20 working days of this request. Defendant did not respond.

9. On September 5, 2019, Plaintiff's counsel was informed via email that ATF had assigned Plaintiff's request Tracking Number 2019-1239.

10. Counsel for Plaintiff discussed Plaintiff's request with ATF's Disclosure Division, which informed counsel that the requested records would be produced by October 20, 2019. When that deadline passed, ATF's Disclosure Division subsequently stated its intent to respond to Plaintiff's request "within short order." That has not occurred.

11. Plaintiff's counsel has attempted to work administratively with Defendant to obtain production of the requested records, without success.

12. The statutory deadline has long passed, and Defendant has failed to provide a substantive response to Plaintiff's FOIA request. As of the date of this Complaint, Defendant has failed to produce all responsive records or assert any claims that responsive records are exempt from production.

13. Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

14. Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

## CAUSE OF ACTION
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

16. ATF has failed to process and make a determination regarding Gun Owners of America's July 17, 2019 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Gun Owners of America pursuant to 5 U.S.C. § 552.

17. Gun Owners of America is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Gun Owners of America will continue to be

irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gun Owners of America requests that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

   /s/ Robert J. Olson
Robert J. Olson
(D.C. Bar No. 1029318 )
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4

                                                            Vienna, VA 22180-5615
                                                            703-356-5070 (telephone)
                                                            703-356-5085 (fax)
                                                            wjo@mindspring.com (e-mail)

                                                            *Counsel for Plaintiff*
Dated: January 8, 2020                              GUN OWNERS OF AMERICA, INC.